```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

SOUTHERN-OWNERS
INSURANCE COMPANY,

    Plaintiff,

v.                                    Case No. 8:21-cv-2567-VMC-SPF

GALATI YACHT SALES, LLC,
JEFFCO MARINE SERVICES, INC., and
JEFFERSON FORAKER,

    Defendants.
_____/

**ORDER**

    This matter is before the Court *sua sponte*.

    On November 2, 2021, Plaintiff Southern-Owners Insurance Company initiated this declaratory judgment action regarding insurance coverage against the above-named Defendants. (Doc. # 1). In pertinent part, the Complaint alleges as follows. Plaintiff Southern-Owners is a "foreign corporation authorized to conduct and doing business in" Florida. (Id. at ¶ 3). Defendant Galati Yacht Sales, LLC "was a Florida Limited Liability Company with its principal place of business" in Florida. (Id. at ¶ 4). Defendants Jeffco Marine Services, Inc. and Jefferson Foraker are both citizens of Florida. (Id. at ¶¶ 5, 8). The Complaint alleges that the "amount in controversy is in excess of $15,000." (Id. at ¶ 9). Southern-

1

Owners has attached excerpts of the pertinent insurance policy to the Complaint, along with the underlying state court complaint. The state court complaint alleges a single count of negligence against Galati and does not state an amount in controversy beyond alleging that the damages sought exceed $30,000. (Doc. # 1-1).

"Federal courts have limited subject matter jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). As such, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985).

When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires that the action is between "citizens of different States" and that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." What's more, "[w]hen determining citizenship of the parties for diversity jurisdiction purposes, a limited liability company (LLC) is a citizen of every state that any member is a citizen of." Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1220 (11th Cir. 2017).

Here, the Court is unable to determine whether federal jurisdiction is proper based upon the allegations in the Complaint. First, Plaintiff has failed to plead the citizenship of each member of Galati Yacht Sales, LLC, or the specific state or states in which Plaintiff is a citizen. And the allegation that the amount in controversy exceeds $15,000 is insufficient because federal diversity jurisdiction requires the amount to exceed $75,000. See 28 U.S.C. § 1332(a).

In light of these deficiencies, the Court directs Plaintiff to file an amended complaint. The amended complaint should set forth the specific citizenship of Plaintiff. It should also include allegations as to the citizenship of each member of Galati. See Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC, 374 F.3d 1020, 1022 (11th Cir. 2004) (explaining that "a limited liability company is a citizen of any state of which a member of the company is a citizen," and, thus, "[t]o sufficiently allege the citizenships of" a limited liability company, "a party must list the citizenships of all the members of the limited liability company").

In addition, Plaintiff must allege the correct amount in controversy and provide some evidence in support thereof. See

Progressive Mountain Ins. Co. v. Middlebrooks, 805 F. App'x 731, 737 (11th Cir. 2020) ("As we have said, conclusory allegations that the amount in controversy is satisfied does not suffice and courts should demand evidence supporting jurisdiction."). Finally, in the interests of completeness, Plaintiff should file the entire insurance policy at issue in this case with the amended complaint.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff is directed to file, by November 23, 2021, an amended complaint in accordance with this Order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 9th day of November, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE