```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

SOUTHERN-OWNERS INSURANCE
COMPANY,

    Plaintiff,

v.                                    Case No. 8:21-cv-2567-VMC-MRM

GALATI YACHT SALES, LLC,
JEFFCO MARINE SERVICES, INC.,
and JEFFERSON FORAKER,

    Defendants.

_____/

**ORDER**

This matter is before the Court on consideration of the Motion to Dismiss filed by Plaintiff/Counter-Defendant Southern-Owners Insurance Company ("Southern-Owners") on July 1, 2022. (Doc. # 59). Defendant/Counter-Plaintiff Galati Yacht Sales Inc. ("Galati") has responded. (Doc. # 60). For the reasons described below, the Motion is granted.

**I.   Background**

This case involves an insurance dispute and an underlying lawsuit between some of the parties.

    **A.   The Underlying Lawsuit**

On August 19, 2021, Jefferson Foraker sued Galati in Florida state court for negligence (the "Underlying

1

Lawsuit"). (Doc. # 1). In his state-court complaint, Foraker alleged that, through his business, Jeffco Marine Services, Inc., he performed marine detailing work for Galati. (Id. at 1-2). On or about October 9, 2020, Foraker boarded a vessel, the "Red Lion," at Galati's request to perform some marine-detailing work. (Id. at 3). Galati required its subcontractors, like Foraker, to wear shoe coverings so as not to scuff the deck of the boats. (Id.). Foraker alleged that, due to Galati's alleged negligence, he fell from the top of a tower or ladder on the boat, sustaining significant injuries. (Id. at 3-4).

Manatee County Clerk of Court records and the parties' briefs indicate that the Underlying Lawsuit is still open and active.

### B.   The Insurance Policy

According to the operative complaint, Plaintiff Southern-Owners Insurance Company issued a Garage Liability Policy (the "Policy") to Defendant Jeffco that was effective from March 25, 2020, until March 25, 2021. (Doc. # 6 at ¶ 12). The Policy contains an Additional Insured Endorsement, stating that Galati is an additional insured under the Policy "but only with respect to liability arising out of [Jeffco's] work for that insured by or for [Jeffco]." (Id. at ¶ 20).

2

Pursuant to that endorsement, Galati sought a defense and indemnification from Southern-Owners in the Underlying Lawsuit. (Id. at ¶¶ 15, 17).

The Policy also contains an Employer's Liability Exclusion, which excludes from coverage "Bodily injury to: (a) [a]n employee of any insured arising out of and in the course of employment by any insured." (Id. at ¶ 21); see also (Doc. # 1-3 at 1).

Finally, the Policy also contains a Worker's Compensation Exclusion, which provides that the insurance policy does not apply to "[a]ny obligations that would be payable under . . . worker's compensation law[.]" (Doc. # 6 at ¶ 22).

### C. The Instant Complaint and Counterclaim

In its amended complaint, Southern-Owners seeks a declaratory judgment that (1) the Policy does not provide insurance coverage for the claims alleged in the Underlying Suit or any and all other claims arising from the incident that occurred on October 9, 2020; and (2) that Southern-Owners has no duty to defend or indemnify Galati for any and all claims alleged in the Underlying Suit or any and all other claims arising from the incident that occurred on October 9, 2020. (Id. at 6, 7-8, 9).

On June 10, 2022, Galati filed an answer to Southern-Owners' complaint and counterclaimed. (Doc. # 57). Galati alleges that Southern-Owners "has failed to settle the claim by Foraker within the coverages afforded within the policy, despite the clear terms of the Subcontractor Agreement and the Policy." As a result of failing to settle, Galati claims, Southern-Owners has breached the insurance contract. (Id. at 15).

Southern-Owners filed a Motion to Dismiss the counterclaim on July 1, 2022, and Galati filed its response on July 19, 2022. (Doc. ## 59, 60). The Motion is now ripe for review.

## II. Legal Standard

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide

4

> the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

### III. **Analysis**

Southern-Owners argues that Galati's counterclaim should be dismissed on ripeness grounds because the counterclaim is "essentially alleging a claim for bad faith." (Doc. # 59 at 2). Galati agrees that a bad faith claim would not be ripe; however, Galati contends that the counterclaim is not for bad faith but instead for breach of contract. (Doc. # 60 at 2). If Galati's counterclaim is properly characterized as a bad faith claim, then Galati's counterclaim is not ripe.

"Under Florida law, it is inappropriate to litigate a bad faith claim against an insurer until after any underlying

coverage dispute is resolved." Md. Cas. Co. v. Alicia Diagnostic, Inc., 961 So. 2d 1091, 1092 (Fla. 5th DCA 2007). "If there is no insurance coverage, nor any loss or injury for which the insurer is contractually obligated to indemnify, the insurer cannot have acted in bad faith in refusing to settle the claim . . . [and] the insured would suffer no damages resulting from its insurer's unfair settlement practices." Braddy v. Infinity Assurance Ins. Co., 6:15-cv-00119-JA-GJK, 2016 WL 1446202, at *2 (M.D. Fla. Apr. 11, 2016) (quoting OneBeacon Ins. Co. v. Delta Fire Sprinklers. Inc., 898 So. 2d 113, 115 (Fla. 5th DCA 2005)).

The Court agrees with Southern-Owners: Galati's counterclaim is one for bad faith. When determining the nature of a claim, the Court looks through the form to the substance of the claim. Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 477 (1982). Galati's only substantive, factual allegation is that Southern-Owners has failed to settle within the policy limits. The allegation is better categorized as a third-party bad faith claim, regardless of Galati's desire to label it a breach of contract claim. McNamara v. Gov't Emps. Ins. Co., 30 F.4th 1055, 1059 n.3 (11th Cir. 2022) ("[A] third-party bad-faith claim arises when an insurer is charged with

6

defending its insured against an injured party's lawsuit, and the insurer fails to reasonably settle within policy limits." (citing Fridman v. Safeco Ins. Co., 185 So.3d 1214, 1220 (Fla. 2016))).[1] Galati cannot couch its counterclaim that Southern-Owners has failed to settle within the policy limits — a classic bad faith claim — as a breach of contract claim to avoid the ripeness issue.

Galati's counterclaim is a bad faith claim and, therefore, is not ripe. The underlying litigation is still ongoing, and there has been no determination of coverage. The Court dismisses Galati's counterclaim without prejudice. Razaqyar v. Integon Nat'l Ins. Co., No. 8:20-cv-2444-VMC-CPT, 2020 WL 6591195, at *3 (M.D. Fla. Nov. 11, 2020) ("The trend in Florida's appellate courts is to dismiss the bad faith claim without prejudice, rather than abate it, and the weight of authority from Florida's District Courts of Appeal and Supreme Court supports dismissal.").

---

[1] Whether the claim is a first-party or third-party bad claim has no impact on the ripeness analysis. "For both first party and third-party bad faith claims against insurers, recent case law has clarified the point that coverage and liability issues must be determined before a bad faith cause can be prosecuted." Razaqyar v. Integon Nat'l Ins. Co., No. 8:20-cv-2444-VMC-CPT, 2020 WL 6591195, at *3 (M.D. Fla. Nov. 11, 2020) (quoting Gen. Star Indem. Co. v. Anheuser-Busch Cos., 741 So. 2d 1259, 1261 (Fla. 5th DCA 1999)).

7

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff/Counter-Defendant Southern-Owners Insurance Company's Motion to Dismiss (Doc. # 59) is **GRANTED.**

(2) Defendant/Counter-Plaintiff Galati Yacht Sales LLC's counterclaim (Doc. # 57) is dismissed without prejudice.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 25th day of August, 2022.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE