```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

SOUTHERN-OWNERS INSURANCE
COMPANY,

      Plaintiff,

                              Case No. 8:21-cv-2567-VMC-MRM

v.

GALATI YACHT SALES, LLC,
JEFFCO MARINE SERVICES, and
JEFFERSON FORAKER,

      Defendants.
_____/

## ORDER

This matter comes before the Court pursuant to Defendant Southern-Owners Insurance Company's Motion to Amend the Scheduling Order and to Amend the Complaint, (Doc. # 79), filed on September 13, 2022. Galati Yacht Sales LLC filed its response on September 19, 2022, (Doc. # 83), and Southern-Owners replied on September 22, 2022. (Doc. # 87). The Motion is granted.

### I. Background

#### A. The Underlying Lawsuit and Instant Case

This case involves an insurance dispute and an underlying lawsuit between some of the parties. On August 19, 2021, Jefferson Foraker sued Galati in Florida state court for negligence. (Doc. # 1). In this case, Southern-Owners

seeks a declaration that: (1) the Policy does not provide insurance coverage for the claims alleged in the Underlying Suit or any and all other claims arising from the incident that occurred on October 9, 2020; and (2) that Southern-Owners has no duty to defend or indemnify Galati for any and all claims alleged in the Underlying Suit or any and all other claims arising from the incident that occurred on October 9, 2020. (Doc. # 6 at 6, 7-8, 9).

**B. The Insurance Policy**

According to the operative complaint, Southern-Owners issued a Garage Liability Policy (the "Policy") to Defendant Jeffco that was effective from March 25, 2020, until March 25, 2021. (Doc. # 6 at ¶ 12). The Policy contains an Additional Insured Endorsement, stating that Galati is an additional insured under the Policy "but only with respect to liability arising out of [Jeffco's] work for that insured by or for [Jeffco]." (Id. at ¶ 20). Pursuant to that endorsement, Galati sought a defense and indemnification from Southern-Owners in the Underlying Lawsuit. (Id. at ¶¶ 15, 17). The Policy also contains an Employer's Liability Exclusion, which excludes from coverage "Bodily injury to: (a) [a]n employee of any insured arising out of and in the course of employment by any insured." (Id. at ¶ 21); see also (Doc. # 1-3 at 1).

Finally, the Policy also contains a Worker's Compensation Exclusion, which provides that the insurance policy does not apply to "[a]ny obligations that would be payable under . . . worker's compensation law[.]" (Doc. # 6 at ¶ 22).

### C. The Instant Motion to Amend the Complaint

Now, Southern-Owners seeks leave to amend the scheduling order and amend its complaint in order to allege that Mr. Foraker was Galati's employee. In its operative complaint, Southern-Owners currently alleges that Mr. Foraker was Galati's statutory employee. (Doc. # 6 at ¶¶ 34, 37, 42, 44, 46). Southern-Owners filed its initial complaint on November 11, 2021 (Doc. # 1), and it filed its first amended complaint on November 23, 2021. (Doc. # 6). The Court entered a Case Management and Scheduling Order on February 14, 2022, setting March 11, 2022, as the deadline to amend pleadings. (Doc. # 31). After the Court granted an extension, discovery ended on September 16, 2022. (Doc. # 68).

Southern-Owners filed its Motion to Amend the Scheduling Order and to Amend the Complaint on September 13, 2022. (Doc. # 79). Galati responded on September 19, 2022 (Doc. # 83), and Southern-Owners replied on September 22, 2022. (Doc. # 87). The Motion is now ripe for review.

## II. Legal Standard

When a party seeks leave to amend its pleadings after the deadline designated in the scheduling order, Rule 16 of the Federal Rules of Civil Procedure governs. Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998). Rule 16(b) requires a showing of good cause to deviate from the deadline set in the scheduling order. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). In demonstrating good cause, the moving party must establish that the "scheduling deadlines [could] not be met despite a party's diligent efforts." Sosa, 133 F.3d at 1419. Once good cause is shown, then the court may consider whether leave should be granted under Rule 15. Id.

Rule 15 states that "leave to amend should be freely given." Fed. R. Civ. P. 15(a). "In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962).

### III. Analysis

Southern-Owners argues that it has shown good cause to amend its complaint after the deadline because it uncovered new information late in discovery that showed Mr. Foraker was actually Galati's employee. Specifically, Southern-Owners claims it obtained testimony during Galati's corporate representative's deposition in June and Mr. Foraker's deposition in July that shed light on the following:

> The extent and scope of the relationships, the control Galati had over Foraker, the type of work performed by individuals Galati identified as employees, that Jeffco's business was not specialized compared to the work performed by individuals Galati identified as traditional employees, and how Galati controlled the work performed by Jeffco.

(Doc. # 86 at 3).

Southern-Owners also claims that it learned more about Mr. Foraker's employment status with Galati when it was able to review 3,000 pages of documents Galati turned over on September 12, 2022. (Id.). Southern-Owners states that the documents include "work orders, purchase orders, workers compensation information, and hundreds of pages related to work Galati was to perform/did perform on the vessel, the Red Lion." (Id.). These documents were responsive to Southern-Owners' May 5, 2022, request for production (Id.), and they

were only produced after Southern-Owners' August 10, 2022, Motion to Compel Better Responses to Its First Request for Production (Doc. # 65) was granted in part on September 2, 2022. (Doc. # 78). Southern-Owners also points out that Defendants denied Mr. Foraker was Galati's employee in its initial responses to Southern-Owners' requests for production. (Doc. # 79 at 4).

In its response to the instant Motion, Galati argues that Southern-Owners did not act diligently in amending its complaint because it had access to the relevant information through discovery in the underlying tort action. (Doc. # 83 at 12). It also argues that the amendment would be futile because the policy exclusions do not apply to Galati as an additional insured under the Policy. (Id. at 14). Neither of these reasons dissuade the Court that Southern-Owners has shown good cause to amend its complaint.

Galati argues that Southern-Owners is dilatory in seeking leave to amend after the deadline. (Doc. # 83 at 10). Galati states that Southern-Owners had access to the "deposition of Foraker, the Examination Under Oath of the Corporate Representative of Galati taken by Southern-Owners, the deposition of Fran Galati taken in the state court action attended by two attorneys for Southern-Owners, as well as

6

other materials sought by Southern-Owners before it filed this suit." Id. However, Southern-Owners responds that "[d]etailed facts involving the employer-employee relationships or status of the parties is not at issue in the underlaying case." (Doc. # 87 at 2). Indeed, in its order denying Galati's motion to dismiss, the Court found that the Underlying Lawsuit does not address the issue of Mr. Foraker's employment status with Galati. (Doc # 48 at 10-12). "Southern-Owners did not obtain information pertaining to the issues in this matter until (1) Southern-Owners was able to depose the parties in this action . . ., and (2) Galati was compelled to provide records." (Doc. # 87 at 2).

Galati also argues that Southern-Owners' proposed amendment would be futile. (Doc. # 83 at 13-14). "A proposed amendment may be denied for futility when the complaint as amended would still be properly dismissed." Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010). In its proposed amended complaint, Southern-Owners alleges that Galati is not an additional insured covered under the Policy because the allegations in the Underlying Lawsuit arise out of its general business practices and thus are excluded under the plain language of the Policy. (Doc. # 6 at 5-6). If Galati

7

is not an additional insured under the Policy, then Southern-Owners does not have a duty to defend or indemnify Galati.

Similarly, Southern-Owners alleges in its proposed amended complaint that Foraker was Galati's employee, and therefore the Employer's Liability and Workers' Compensation Exclusions serve to bar coverage. Southern-Owners, therefore, has alleged a set of facts that support its claims and would entitle it to relief. See Penson v. Cook, No. 4:09-cv-0078-HLM, 2009 WL 10699996, at *1 (N.D. Ga. July 28, 2009) ("The issue is not whether the plaintiff will ultimately prevail, but whether it is entitled to offer evidence to support its claim.").

Southern-Owners has shown good cause to amend its complaint after the deadline because it was diligent in seeking to amend its complaint. Because the Defendants controlled the necessary information, Southern-Owners could not have sought leave to amend its complaint before the March 11, 2022, deadline to amend pleadings. See Blount v. Credit Prot. Ass'n, LP, No. 8:15-cv-1309-MSS-TGW, 2016 WL 3034066, at *2 (M.D. Fla. May 25, 2016) (finding plaintiff had shown good cause to amend the complaint after the deadline because the amendment was based on new information uncovered during discovery). Southern-Owners filed this Motion the day after

8

it received Galati's delayed document production that Southern-Owners claims gave it enough information to allege Mr. Foraker was Galati's employee. See Btesh v. City of Maitland, Fla., No. 6:10-cv-71-PCF-DAB, 2011 WL 13298506, at *2 (M.D. Fla. Jan. 3, 2011) (granting leave to amend more than four months after plaintiff obtained the defendant's relevant discovery responses).

Indeed, if Defendants had timely responded to Southern-Owners' May 2022 request for production and attempts to schedule depositions, then Southern-Owners would have been able to seek leave to amend its complaint much earlier. Defendants should not be able to rely on their delays in providing responsive information to avoid having to defend against this additional allegation. See Nobles v. Rural Cmty. Ins. Servs., 303 F. Supp. 2d 1279, 1284-85 (M.D. Ala. 2004) (finding plaintiffs had shown good cause to amend under Rule 16 in part because they did not have the relevant information until defendant produced 2,000 pages of documents after plaintiffs' motion to compel was granted in part).

The Court also finds that leave to amend should be granted under Rule 15, which states that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Under Rule 15, the Court should grant leave to amend

9

"unless there is a substantial reason to deny it[.]" Davis v. Mar-Jac Poultry AL, LLC, No. 6:18-cv-01433-LSC, 2019 WL 12424745, at *1 (N.D. Ala. Aug. 6, 2019) (quoting Halliburton & Assocs., Inc. v. Henderson, Few & Co., 774 F.2d 441, 443 (11th Cir. 1985)). Here, Southern-Owners has not been dilatory and has not filed prior amendments that failed to cure deficiencies.

There has been no undue delay; Southern-Owners filed its motion one day after receiving the relevant documents from Galati. Galati does not argue, and the Court does not see any reason why Defendants would suffer undue prejudice. Undue prejudice might exist if the amendment involved new theories of recovery or would require further discovery. Carter v. HSBC Mortg. Servs., Inc., 622 Fed. App'x 783, 786 (11th Cir. 2015). Southern-Owners has indicated that it does not intend to seek additional discovery (Doc. # 79 at 8), and any extensions of deadlines resulting from the amendment will be minimal.

The Defendants also had notice that Southern-Owners intended to pursue the theory that Mr. Foraker was not an independent contractor. Southern-Owners' first amended complaint alleges that Mr. Foraker was Galati's statutory employee (Doc. # 6 at ¶¶ 34, 37, 42, 44, 46); therefore, the

10

Defendants knew Southern-Owners was pursuing theories regarding Mr. Foraker's status as Galati's employee that were relevant to the applicability of the Employer's Liability Exclusion and the Worker's Compensation Exclusion.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Southern-Owners Motion to Amend Scheduling Order and to Amend Complaint (Doc. # 79) is **GRANTED.**

(2) The Second Amended Complaint is deemed filed as of the date of this Order.

(3) Defendants shall file Answers and Affirmative Defenses to the Second Amended Complaint no later than October 10, 2022.

(4) Because the Seconded Amended Complaint supersedes the prior amended complaint, Southern-Owners' Motion for Summary Judgment (Doc. # 88) is **DENIED** as moot. The Court extends the dispositive motions deadline to October 23, 2022, to give all parties an opportunity to file motions for summary judgment based on the Second Amended Complaint.

(5) To allow sufficient time for review of dispositive motions, the Court extends the pretrial conference and

11

trial term deadlines by one month. The Court extends the pretrial conference to February 16, 2023 and extends the trial term to March 6, 2023.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 3rd day of October, 2022.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE