UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SOUTHERN-OWNERS
INSURANCE COMPANY,

    Plaintiff,

v.      8:21-cv-02567-VMC-UAM

GALATI YACHT SALES, LLC.,
JEFFCO MARINE SERVICES, INC.,
and JEFFERSON FORAKER,

    Defendants.
_____/

**FINAL JUDGMENT**

This case is before the Court following a jury trial that concluded on July 12, 2023. Based on the jury's verdict, which is incorporated herein, this Court enters judgment in favor of Southern-Owners Insurance Company.

**I.**  **BACKGROUND**

A yacht, the Red Lion, was at Galati Yacht Sales, LLC's ("Galati") for service and maintenance work. Galati asked its subcontractor, Jeffco Marine

1

Services, Inc. ("Jeffco"), to buff a portion of the vessel's isinglass. Jefferson Foraker ("Foraker"), Jeffco's employee, sustained injury on the Red Lion while attempting to reinstall the isinglass. Foraker filed a negligence action against Galati in state court. Galati sought indemnification from Southern-Owners pursuant to Galati's Additional Insured status under a Garage Liability Policy ("Policy")[1] issued to Jeffco. Southern-Owners then filed the instant coverage action seeking declarations that it had no duty to indemnify Galati[2] because the Policy's Employers Liability and Workers Compensation exclusions barred coverage. (Doc. # 79-1; Doc. # 89).

## II. LEGAL STANDARD

"Under Florida law, the interpretation of an insurance contract . . . is a question of law to be

---

[1] (Doc. # 162; Southern-Owners' Exhibit 1: Policy admitted by agreement of the parties).
[2] Jeffco and Foraker are interested parties.

decided by the court." <u>Infinity Exhibits, Inc., v. Certain Underwriters at Lloyd's London Known as Syndicate PEM, et al</u>, 489 F. Supp. 3d 1303 (M.D. Fla. Sept. 28, 2020).

Chapter 440, Florida's Worker's Compensation, provides in part,

> When "a contractor sublets any part or parts of his or her contract work to a subcontractor …, all of the employees of such contractor and subcontractor ……. engaged on such contract work shall be deemed to be employed in one and the same business or establishment, and the contractor shall be liable for, and shall secure the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment."

Fla. Stat. § 440.10(b)

### III. <u>ANALYSIS</u>

The jury determined the buffing of Red Lion's isinglass arose from an agreement or contract Galati had with its customer, the Red Lion. (Doc. # 159; Doc. # 160).

### a. The Statutory Employer-Employee Relationship and Workers Compensation Insurance

Galati did not own the Red Lion. (Doc. # 114). Jeffco was Galati's subcontractor. (Id.). Foraker was Jeffco's employee. (Id.). Galati sublet the buffing of the isinglass to Jeffco. (Id.). Upon the jury finding the act of buffing the isinglass arose from a contract Galati had with the Red Lion, it provided the final fact necessary to determine whether Foraker was Galati's statutory employee. Fla. Stat. § 440.10(b); see also Miami Herald Publishing v. Ralph Hatch, 617 So.2d 380 (Fla. 1st DCA 1993); Delta Air Lines, Inc. v. Cunningham, 658 So.2d 556 (Fla. 3d DCA 1995); Rabon v. Inn of Lake City, 693 So.2d 1126 (Fla. 1st DCA 1997). The verdict and other facts[3] establish a statutory employer-employee relationship. Additionally, because Jeffco

---

[3] Corrected Joint Pretrial Stipulation, section (9) Concise statement of each admitted fact, ¶¶ 4, 5, 10, 11, 13, and 14, specifically.

did not secure workers compensation coverage for Foraker (Doc. # 114 ¶ 18), Galati had the obligation. Fla. Stat. § 440.10(b).

### b. The Policy

The Policy's Employers Liability exclusion unambiguously sets forth there is no coverage for bodily injury to "an employee of any insured arising out of and in the course of employment by any insured . . . ." (Doc. # 6 at 73). Additionally, the Policy's Workers Compensation exclusion provides it does not apply to "[a]ny obligations that would be payable under . . . workers compensation law . . . or any similar law." (Id. at 74). It has long been held in Florida that statutory employees are viewed the same as actual employees when construing employee policy exclusions. See Fla. Ins. Guar. Ass'n, Inc. v. Revoredo, 698 So.2d 890, 893 (Fla. 3d DCA 1997) ("Statutory employees have been treated identically to actual employees in relation to standard employee

exclusion clauses."); Endurance Am. Specialty Ins. Co., 343 F. Supp. 3d 1274, 2181-1282 (S.D. Fla. Oct. 26, 2018) ("Federal courts in this jurisdiction applying Florida law have consistently applied the statutory definition of an 'employee' when determining whether an employer's liability exclusion bars coverage of an employee's claim."); see also Mid-Continent Casualty Company v. Aprin and Sons, LLC, 261 F. Supp. 3d 1245, 1251 (S.D. Fla. May 22, 2017) ("Thus Florida law requires [the court to] construe the policy's workers compensation exclusion as applying to the [contractor's] actual and statutory employees.").

**Accordingly, it is hereby DECLARED** that:

1. Foraker was Galati's statutory employee on the date of loss; and,
2. Both the Employers Liability and the Workers Compensation exclusions apply, independently of

the other, therefore there is no duty to indemnify.

**IT IS HEREBY FURTHER ORDERED AND ADJUDGED**

Final Judgment is entered in favor of Plaintiff Southern-Owners Insurance Company, and against Defendant Galati Yacht Sales, LLC.

**DONE** and **ORDERED** in Tampa, Florida, this <u>14th</u> day of September 2023.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE